UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRODERICK WADE YORK,

Plaintiff,

v.

J. DOERER, *et al.*,

Defendants.

Case No. 1:25-cv-00059-JLT-EPG (PC)

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

(ECF No. 2)

OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS

Plaintiff is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff sought leave to proceed *in forma pauperis* (IFP) but failed to file a complete application (ECF No. 2), and then failed to respond when ordered to do so (ECF No. 5). Plaintiff's application indicates he receives money from "other sources," and an authorized officer certified that monthly deposits to the Plaintiff's trust account for the past six months were $843.36 on average. (ECF No. 2 at 2). Because it appears Plaintiff can afford to pay the filing fee for this action, the Court recommends that Plaintiff's IFP application be denied.

**I. BACKGROUND**

Along with his complaint (ECF No. 1), on January 14, 2025, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2). The application requires Plaintiff to answer questions under penalty of perjury, including the question "have you received any

money from the following sources over the last twelve months?" (*Id.* at 1–2). The form lists several sources of income, such as pensions or gifts, as well as "other," and allows the applicant to check "yes" or "no" in response to each category. If the answer to receiving any of these categories of income is "yes," then the form requires Plaintiff to describe "each source of money, state the amount received, as well as what you expect you will continue to receive (attach an additional sheet if necessary)." (*Id.* at 2).

Plaintiff answered "yes" to receiving money from "other sources." (ECF No. 2 at 2). In addition, a certification by an authorized officer states that average monthly deposits to the Plaintiff's trust account in the past six months were $843.36. (*Id.*) However, Plaintiff did not provide any of the additional information required by the form, such as describing the source of the money, the amount received, or the amount he expects to continue to receive.

Because Plaintiff's IFP application is incomplete, on January 16, 2025, the Court issued an order for Plaintiff to supplement his IFP application. (ECF No. 5). The Court directed the Court of Clerk to send Plaintiff a long form application to proceed in forma pauperis (AO 239) and ordered Plaintiff to "submit the attached application to proceed in forma pauperis, completed and signed in full under penalty of perjury, that includes detailed information regarding his 'other' sources of income." (*Id.* at 2). The Court that in the alternative, Plaintiff may pay the filing fee of $405 in full to proceed with this action. (*Id.*)

That deadline has now passed, and Plaintiff has not supplemented his IFP application, paid the filing fee in full, or otherwise communicated with the Court.

**II. ANALYSIS**

The Court normally requires a $405 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period

immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Plaintiff's IFP application and the accompanying certification, which in this case is a part of Plaintiff's application, indicate that Plaintiff's monthly deposits for the past six months have been $843.36 on average, more than double the amount of the filing fee. (ECF No. 2 at 2). These funds are sufficient to pay the filing fee in this action. Therefore, the Court will recommend that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the filing fee of $405.00 for this action in full.

## III. CONCLUSION AND RECOMMENDATIONS

Accordingly, **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied;
2. Plaintiff be ordered to pay the $405 filing fee in full should he wish to proceed in this case; and
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2025**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE